J-S03044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL M. MOFFATT | : | |
| | : | |
| Appellant | : | No. 1505 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 8, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002233-2016

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 13, 2020**

Terrell M. Moffatt (Moffatt) appeals the judgment of sentence entered

on August 8, 2017, by the Court of Common Pleas of Erie County (trial court).

He argues here that because he acted in self-defense and defense of others,

the evidence adduced at his jury trial was legally insufficient to sustain his

convictions on charges of aggravated assault with a deadly weapon, reckless

endangerment, and possession of an instrument of crime.[1]  On that same

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 2702(A)(1),(4) (aggravated assault with a weapon); 18 Pa.C.S. § 2705 (reckless endangerment); 18 Pa.C.S. § 907(B) (possessing instruments of crime).

basis, he contends that his convictions are against the weight of the evidence. We affirm.

**I.**

This case arises from a shooting that took place just outside of Moffatt's residence in 2016.[2]  According to Moffatt, the two alleged victims (Andre Cathey and Jarrod Jones), came to his home to borrow money to purchase drugs and became violent when Moffatt would not lend as much money as they wanted.  After Cathey and Jones dragged Moffatt outside and threatened to shoot him, Moffatt drew his own firearm and shot at the two men as he retreated back inside, believing this was necessary to protect himself, as well as his wife and three children who were inside the home.  Several rounds from Moffatt's gun struck Cathey in the legs and abdomen.  Moffatt's wife corroborated his story through her testimony.

Conversely, Cathey and Jones identified Moffatt as the sole aggressor. In their account, they went unarmed to Moffatt's home to obtain crack cocaine from him.  Cathey tried to steal the crack cocaine Moffatt had placed on a scale in his kitchen.  Moffatt drew a gun and fired at Cathey and Jones as they fled the house.  Cathey testified that he fell to the ground immobilized after

_____

[2] The case facts are gleaned from our review of the trial transcripts in the certified record.

sustaining several gunshot wounds to his legs, and that Moffatt shot him again in the abdomen while standing directly over him.[3]

Since Moffatt admitted to possessing a weapon and intentionally shooting at Cathey and Jones, the central question before the jury was whether Moffatt acted in self-defense or the defense of others. At the conclusion of the jury trial, Moffatt was found guilty of aggravated assault, reckless endangerment, and possession of an instrument of crime.[4] The trial court imposed an aggregate prison term of between 60 and 120 months, to be followed by three years of probation. The judgment of sentence was entered on August 8, 2017. Moffatt did not file post-sentence motions or a notice of appeal.

Moffatt filed a *pro se* petition for PCRA[5] relief on August 10, 2018, and counsel was appointed. PCRA counsel filed a supplement to Moffatt's petition. The only ground was that trial counsel was ineffective in failing to timely file a notice of appeal, entirely depriving him of appellate review. On February 5,

---

[3] The victims' testimony differed in that Cathey claimed he and Jones went to Moffatt's home to purchase drugs from him, while Jones stated their plan was always to wrestle Moffatt to the ground and steal his drugs. Cathey also denied fighting with Moffatt in the home, but Jones stated that they did so once Cathey grabbed the drugs from Moffatt's scale.

[4] The jury found Moffatt not guilty of attempted homicide, and he prevailed on a motion for judgment of acquittal as to one count of carrying a firearm without a license.

[5] *See* 42 Pa.C.S. §§ 9541-46 (PCRA).

2019, Moffatt's appellate rights were reinstated due to his counsel's oversight, and Moffatt was advised by the court order to file his notice of appeal within 30 days from the date of reinstatement.

Moffatt then filed a motion for reconsideration of his sentence, *nunc pro tunc*, as well as a motion for a new trial and/or arrest of judgment, all of which was denied in the opinion and order dated March 13, 2019. Moffatt filed a notice of appeal on April 22, 2019, and the trial court filed a memorandum opinion pursuant to Pa.R.A.P. 1925(a). **See** Trial Court Opinion, 5/16/2019. This Court quashed that appeal on July 10, 2019, finding that the notice was untimely and post-sentence motions had not been authorized.

Moffatt then filed a *pro se* petition for PCRA relief on July 3, 2019. He claimed that appellate counsel failed to timely file his notice of appeal, resulting in the total loss of his appellate rights. On July 22, 2019, counsel was appointed to represent Moffatt on his PCRA claim. Counsel was ordered to amend or supplement the *pro se* petition or submit a No Merit letter.[6]

An amended PCRA petition was filed on September 5, 2019, requesting that Moffatt's appellate rights once more be reinstated, *nunc pro tunc*, and that Moffatt be permitted to file post-sentence motions, *nunc pro tunc*. The motion was granted on September 18, 2019.

---

[6] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988).

Moffatt then filed a post-sentence motion, *nunc pro tunc*, on September 27, 2019. He moved for judgment of acquittal and for a new trial, asserting that the evidence was insufficient and that his convictions were against the weight of the evidence. Moffatt also moved to modify his sentence. The trial court denied the motions on September 30, 2019. Moffatt filed a notice of appeal the next day. Moffatt and the trial court complied with Pa.R.A.P. 1925. ***See*** Trial Court Opinion, 10/24/2019.[7]

In his brief, Moffatt now asserts that the evidence was legally insufficient to sustain his convictions because he established that he acted in self-defense and defense of his family. ***See*** Appellant's Brief, at 6. He also contends that his convictions are contrary to the weight of the evidence. ***Id***. On both claims, the issue of self-defense is dispositive as to all the subject offenses because there is no dispute that Moffatt possessed and shot his gun at Jones and shot Cathey multiple times, causing serious injuries.

## II.

## A.

Moffatt argues first in his sufficiency claim that the alleged victims instigated the shooting and that his use of deadly force was reasonably

---

[7] The Pennsylvania Supreme Court has recognized that counsel's failure to preserve a defendant's appellate rights constitutes *per se* ineffectiveness, warranting reinstatement of those rights. ***See generally Commonwealth v. Rosado***, 150 A.3d 425 (Pa. 2016).

necessary to thwart imminent harm. He relies on his own testimony to establish the justifiable use of force, while dismissing the testimony of the two victims as inconsistent. ***See*** 18 Pa.C.S. § 505(a) (providing affirmative defense to criminal charges where the "use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."). We agree with the trial court that this claim has no merit.[8]

On review of such a ruling, the applicable standard of review is as follows:

> [W]hether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Emler***, 903 A.2d 1273, 1276-77 (Pa. Super. 2006).

---

[8] Moffatt's self-defense claim is identical as to all his convictions on counts of aggravated assault with a deadly weapon, reckless endangerment, and possession of an instrument of crime.

Here, the evidence before the jury was sufficient to sustain Moffatt's convictions. Cathey and Jones testified at trial that Moffatt drew a firearm as they ran away from his home. Cathey was shot several times. Importantly, Cathey and Jones testified that Moffatt was the initial aggressor and that neither of them possessed a weapon nor threatened to use a weapon against Moffatt or his family.

Even if some of the details in the victims' stories were arguably inconsistent as Moffatt asserts in his brief, the jury was free to credit all, part or none of each witnesses' testimony. Correspondingly, the jury was free to reject all or part of the evidence Moffatt produced to support his claim of self-defense. In finding Moffatt guilty of the subject offenses, the jury necessarily concluded that his version of events was not credible, and that one or both of the victims told enough of the truth to satisfy all the elements of the subject offenses beyond a reasonable doubt.

Viewing the record in the light most favorable to the Commonwealth as verdict-winner, the trial court properly ruled that Moffatt failed to raise a meritorious sufficiency claim. The fact-finder's judgment cannot be substituted on sufficiency grounds merely because some witnesses were found more credible than others were. *See **Commonwealth v. Gibbs***, 981 A.2d 274, 281–82 (Pa. Super. 2009) ("An argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the

weight of the evidence, not the sufficiency of the evidence."); **see also Commonwealth v. W.H.M.**, 932 A.2d 155, 160 (Pa. Super. 2007) (same).

**B.**

Moffatt's weight of evidence claim likewise lacks merit. A trial court's ruling on such a claim is subject to an abuse of discretion standard, and it is rarely disturbed on appeal when it hinges on the credibility of witnesses:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

**Commonwealth v. Rossetti**, 863 A.2d 1185, 1191 (Pa. Super. 2004) (citation omitted). "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." **Id.**; **see also Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) ("[T]he role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.").

Based on the facts and reasoning above, the trial court did not abuse its discretion in rejecting Moffatt's claim that his convictions were contrary to the

weight of the evidence. Cathey and Jones testified that they posed no threat to Moffatt or his family prior to Moffatt's use of lethal force against them. Moffatt claimed that he acted in self-defense when Cathey and Jones threatened violence.

The trial court properly exercised its discretion in denying Moffett relief because none of the evidence that Moffatt provided (his testimony and the testimony of his wife) made the evidence of guilt "so unreliable and/or contradictory as to make any verdict based thereon pure conjecture[.]" **Rossetti**, 863 A.2d at 1191. The trial was essentially a swearing match on the issue of self-defense, and the trial court properly allowed the jury to resolve that dispute.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2020